# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK ALLEN WALTERS,

   Plaintiff,

    v.             Case No. 11-CV-0829

WILLIAM POLLARD and OFFICER BEAHM,

   Defendants.

---

DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DOC. # 2), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DOC. # 3) AND SCREENING PLAINTIFF'S COMPLAINT

  Plaintiff, Mark Allen Walters, a state prisoner, has filed a pro se complaint under 42 U.S.C. § 1983, a motion for leave to proceed in forma pauperis, and a motion to appoint counsel. In addition, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has paid an initial partial filing fee of $8.47, as assessed, as we as a partial filing fee of $10.00.

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). It must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual assertions. *Id.* If there are well-pleaded factual assertions, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must contend that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, the complaint contains sworn allegations regarding harassment plaintiff has received from defendant Officer Beahm. Plaintiff suggests that ongoing harassment by Officer Beahm has caused him mental and emotional damages, including a nervous breakdown. Additionally, plaintiff notified defendant William Pollard in writing on several occasions between April and September that Officer Beahm was harassing him, and Pollard did nothing to stop Officer Beahm's harassment. Pollard did not visit plaintiff or respond.

The complaint is somewhat lacking in details regarding the alleged harassment by Officer Beahm, but pieces of the underlying facts are throughout the complaint. Plaintiff says Beahm "overdoes his job." (Complaint at 6). Plaintiff also avers that Beahm made fun of him while he was in the observation cell and brought other officers to look at him as though he was inhuman. Beahm stated "Good Morning Mr. Walters every time!!" *Id.* Plaintiff further avers: "He will say good morning to me all-ways [sic] even though I ask him to stop – cruel to me." (Complaint at 11).

3

According to plaintiff, Beahm was not making good decisions or following protocols as a professional officer and is cruel to inmates. Moreover, plaintiff charges that "he would take food from me on purpose & bang on my door at all time he was on duty, especially at meals & medication times." (Complaint at 7). Plaintiff separately notes that "Officer Beahm would bang my door open trap when I was standing at door and bang trap and disrespect me." *Id.*

Continuing, plaintiff avers that Officer Beahm threatened him once after he stopped short, while going on a pass, and said that he considered plaintiff's conduct a threat and if he did that again he, (Beahm) would slam plaintiff to the ground.

Additionally, on one occasion, Officer Beahm laid hands on plaintiff and caused phim physical injury. On May 31, 2011, Officer Beahm was the first one to show up to take plaintiff to a hearing regarding a ticket for an incident. "He pounds on my door like crazy to ask if I want to go to conduct report hearing. – He opened my trap and slams trap for 1 minute straight about excessive force, messed my hand up." (Complaint at 10).

"The use of derogatory language, while unprofessional and deplorable, does not violate the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Also, "[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *Id.*

Recently, the Seventh Circuit Court of Appeals determined that a prison guard's alleged act of getting up in the middle of a card game to hang a noose in the sight of black prisoners, while other guards calmly continued the card game, could not reasonably be taken seriously as a threat and did not rise to the level of cruel and unusual punishment,

4

as required to support prisoner's § 1983 claim against the prison officials. *Dobbey v. Ill. Dep't of Corrs.*, 574 F.3d 443, 445-46 (7th Cir. 2009). However, the court confirmed that a threat can rise to the level of cruel and unusual punishment. *Id.* at 445. "Mental torture is not an oxymoron, and has been held or assumed in a number of prisoner cases to be actionable as cruel and unusual punishment." *Id.* (quoting *Thomas v. Farley*, 31 F.3d 557, 559 (7th Cir.1994)).

Here, plaintiff's charges officer Beahm with verbal harassment or threats, taking took food and causing him physical injury on May 31, 2011. The harassment is alleged to have occurred over a number of months.

Plaintiff may proceed under the Eighth Amendment on a claim that Officer Beahms' actions constituted cruel and unusual punishment. Additionally, he may proceed against defendant Pollard on a Eighth Amendment claim for failing to stop Officer Beahm's campaign of harassment even after plaintiff wrote a letter to make him aware of it.

The court will now turn to plaintiff's motion for appointment of counsel. Plaintiff argues that he is unable to afford counsel and that his imprisonment will greatly limit his ability to litigate. He also contends that the issues in this case are complex and will require significant research and investigation and that he has limited access to the law library and limited knowledge of the law. Plaintiff submits that he has made repeated efforts to obtain an attorney, but it appears those attempts were in a case that he has pending in state court. He argues that it does not pay to contact other lawyers since they would not take his severe dental malpractice case.

Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

By his own admission, plaintiff has not contacted any lawyers about taking this particular case. However, the issues in this case appear at this stage to be straightforward and uncomplicated. Moreover, the plaintiff's filings indicate that he is capable of litigating this case himself. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. If plaintiff brings another motion to appoint counsel before the court in the future, he should provide the court with the names and addresses of counsel he has contacted. Therefore,

IT IS ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Docket # 3) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Attorney General for service on the state defendants.

IT IS ALSO ORDERED that the defendants shall file a responsive pleading to the complaint.

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $331.53 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS ALSO ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined.

IT IS FURTHER ORDERED that the plaintiff shall submit all correspondence and legal material to:

> Honorable C.N. Clevert, Jr.
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 13th day of December, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge